IN THE SUPREME COURT OF THE STATE OF DELAWARE

DON L. JOHNSON, §
§ No. 51, 2021
  Appellant Below, §
  Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ CA. No. K20A-03-002
AMERICAN MODERN HOME §
INSURANCE COMPANY, §
§
  Appellee Below, §
  Appellee. §

Submitted: August 11, 2021
Decided: August 23, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR** Justices.

**O R D E R**

This 23rd day of August, 2021, the Court has considered the parties' briefs

and the record on appeal, and it appears that:

1.     On March 11, 2016, Don Johnson applied by telephone for insurance

on his 1970 Marlette manufactured home.  An insurance agent asked Johnson a

series of intake questions about the home, including a question about whether the

home was currently insured, to which Johnson responded affirmatively.[1]  Shortly

[1] Question five of the application asked: "Is the dwelling currently uninsured?"  App. to Opening Br. at A51.  The application indicates "no."  *Id.*  At trial, the insurance agent that processed Johnson's application testified that she asked, "you've got insurance, right?" and that Johnson responded affirmatively, stating, "yeah, I've got L&M."  *Johnson v. Am. Modern Home Ins. Co.*, C.A. No. CPU5-17-000353, at 7 (Del. Com. Pl. Mar. 6, 2020).  Johnson does not dispute these facts.

after that, Johnson went to the third-party insurance vendor's office, where he received the application, was given time to review it, and then signed the application.

2.   On March 17, 2016, American Modern Home Insurance Company ("AMHIC") issued the insurance policy to Johnson. Just over one month later, Johnson's mobile home was completely destroyed in a fire. Johnson promptly submitted a claim to AMHIC for the loss.

3.   Approximately seven months later, AMHIC denied Johnson's claim and rescinded the insurance policy after conducting an investigation, which included an examination of Johnson under oath, and determining that Johnson had provided inaccurate information on his insurance application. AMHIC denied Johnson's claim in accordance with paragraph 3 of the policy section entitled Conditions Applying to Section I and Section II ("Paragraph 3"), which states that "[t]he entire policy will be void if, whether before, during or after a loss or occurrence, an insured person has: (a) intentionally concealed or misrepresented any material fact or circumstance; (b) engaged in fraudulent conduct; or (c) made false statements; relating to this insurance."[2]

4.   In March 2017, Johnson filed a complaint in the Court of Common Pleas, alleging that AMHIC breached the insurance contract by denying his claim.

---

[2] App. to Opening Br. at A70.

5. After trial, the Court of Common Pleas determined that "Johnson made a material misrepresentation on his insurance application[] and that AMHIC was therefore legally justified in rescinding the insurance policy."[3] The court found that the evidence presented at trial established that Johnson "made an untrue assertion that was contrary to the facts at the time the assertion was made"[4] and supported AMHIC's claim that it would not have issued the policy to Johnson if he had revealed the truth about the uninsured status of his mobile home. The court determined that because Johnson's misrepresentation was material and because AMHIC would not have issued the policy if Johnson had provided an accurate response, AMHIC could properly rescind the policy under 18 *Del. C.* § 2711.[5]

---

[3] *Johnson*, C.A. No. CPU5-17-000353, at 2.
[4] *Id.* at 25.
[5] 18 *Del. C.* § 2711. Section 2711 provides:

> All statements and descriptions in any application for an insurance policy or annuity contract by or in behalf of the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
> (1) Fraudulent; or
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
> (3) The insurer in good faith would either not have issued the policy . . . or would not have provided coverage . . . if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

*Id.*

6. The Superior Court affirmed, finding that the Court of Common Pleas' factual findings were supported by sufficient evidence and that the court had not erred as a matter of law. This appeal followed.

7. On appeal, Johnson argues that the Superior Court erred by failing to consider the contractual language of the insurance policy, specifically paragraph 6 of the policy section entitled Conditions Applying to Section I and Section II ("Paragraph 6").[6] Paragraph 6 provides that AMHIC may cancel the policy if the policy has been in effect for more than 60 days and "(a) if there has been a material misrepresentation of fact that, if known to us, would have caused us not to issue the policy; or (b) if the risk has changed substantially since the policy was issued."[7] According to Johnson, although Section 2711 creates a right of recission, AMHIC waived that right by including Paragraph 6 in the policy, which contractually limited its remedy to cancellation. Johnson states, without explanation, that Paragraph 3 applies only to the policy itself, not his policy application.

8. In an appeal of the Superior Court's review of a judgment from the Court of Common Pleas, this Court applies the same standard of review that the

---

[6] Johnson also contends that he is entitled to the insured value of his manufactured home—$36,000—because he suffered a total loss as defined in the policy. Although the Superior Court did not reach the issue because it found that AMHIC had properly rescinded the insurance policy, Johnson asserts that this Court may award him the full $36,000 because no further evidence is needed to decide the issue. Because we find that the Superior Court correctly affirmed the judgment of the Court of Common Pleas, we do not address Johnson's damages argument.
[7] App. to Opening Br. at A70.

4

Superior Court applied in reviewing the decision of the Court of Common Pleas.[8] That standard of review is "whether there is legal error, whether the trial court's factual findings are sufficiently supported by the record, and whether those findings are the product of an orderly and logical reasoning process."[9]

9.    We conclude, as the Superior Court did, that the Court of Common Pleas' factual findings are supported by sufficient evidence and that the court's judgment in favor of AMHIC is free from legal error.

10.    At trial, Kathy Ware, the third-party insurance vendor agent who assisted Johnson with his insurance application, testified that, when she asked Johnson if the mobile home was insured, Johnson answered in the affirmative. Johnson, who could not remember if he was asked whether the home was insured during the application process, readily admitted at trial that the home was not insured at the time he applied and had never been insured. Johnson also admitted that he did not review the application before signing it, despite being given the opportunity to do so.

11.    Ware and a senior quality assurance consultant with AMHIC's corporate underwriting department also testified that the AMHIC's system would not have allowed the application process to proceed if the applicant did not have

---

[8] *Hicklin v. Onyx Acceptance Corp.*, 970 A.2d 244, 248 (Del. 2009).
[9] *Id.*

5

insurance on his mobile home at the time of application. AMHIC's senior quality insurance consultant stated that the company's underwriting guidelines explicitly prohibit an agent from issuing a policy if the home has been uninsured for any period of time.

12. In our view, this testimony sufficiently supports the Court of Common Pleas' determination that Johnson misrepresented the uninsured status of his mobile home during the application process and that, if Johnson had accurately answered that his mobile home was not insured, AMHIC would not have issued the policy.

13. Based on these factual findings, the Court of Common Pleas determined that AMHIC was entitled to rescind the policy under 18 *Del. C.* § 2711. This conclusion, in our view, is not erroneous.

14. Delaware law permits a party to a contract to waive its statutory rights.[10] But such waiver must be "clearly and affirmatively expressed in the relevant document."[11] Here, Paragraph 6 does not "clearly and affirmatively" waive AMHIC's statutory right to rescind the policy in the event that it discovered that Johnson had made a misrepresentation. In fact, Paragraph 3 appears to preserve that

---

[10] *See Baio v. Commercial Union Ins. Co.*, 410 A.2d 502, 508 (Del. 1979); *Libeau v. Fox*, 892 A.2d 1068, 1071–72 (Del. Ch. 2006).

[11] *Juul Labs, Inc. v. Grove*, 238 A.3d 904, 909 (Del. Ch. 2020) (quoting *Kortum v. Webasto Sunroofs, Inc.*, 769 A.2d 113, 125 (Del. Ch. 2000)).

right. Johnson's conclusory statement that Paragraph 3 does not apply to the policy application does not persuade us otherwise.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice